**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CHRISTINE DAVIS, | DOCKET NUMBER |
| Appellant, | DA-0752-15-0089-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: December 1, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Christine Davis</u>, Houston, Texas, pro se.

<u>John P. Gniadek</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision except as expressly MODIFIED by this Final Order to include additional analysis of the lack of candor charge.

## BACKGROUND

¶2 The appellant filed an appeal of the agency's action removing her from her GS-11 Investigator position, effective October 31, 2014. Initial Appeal File (IAF), Tab 1. The agency based the action on five charges: (1) failure to pay the balance on a Government travel card (GTC) in a timely manner; (2) misuse of a GTC; (3) submitting inaccurate personnel investigations processing systems time reports; (4) lack of candor; and (5) willful misuse of a Government-owned vehicle (GOV). IAF, Tab 5, Subtab 4B at 15. On appeal, the appellant denied this misconduct and argued that the agency violated her due process rights because, in assessing the penalty, the deciding official considered, as a prior disciplinary record, a verbal counseling she received in October 2011, regarding her use of her GTC, although this information was not contained in the proposal notice. IAF, Tab 1.

¶3 After holding a hearing, the administrative judge sustained all five charges, but she did not sustain specifications 2 and 6 of charge 5. IAF, Tab 23, Initial

Decision (ID). The administrative judge found further that the appellant failed to prove her claim of a due process violation. ID at 10-12.

¶4    The administrative judge found nexus between the sustained misconduct and the efficiency of the service, and that the penalty of removal was reasonable. ID at 12-15.

¶5    On review, the appellant disagrees with the administrative judge's decision to sustain the charges, and she argues that removal was unreasonable.[2] Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

Charge 1 - Failure to pay the balance on a Government travel card in a timely manner.

¶6    The agency's Financial Management Manual, under Chapter 17, Travel Policy, indicates that employees are expected to pay GTC statements in full within 25 days of the billing date and that an account becomes past due when the GTC vendor bank does not receive payment in full by the statement due date. IAF, Tab 6 at 33-34. In this case, the four specifications of charge 1 identify specific instances in March, May, June, and July 2013, in which the appellant failed to timely pay in full the balances on her GTC statements. IAF, Tab 5 at 17-19. Based on the appellant's concession during her testimony that she was aware of the requirement to pay her GTC balance in full each month, and on her attorney's admission "that the appellant did not fully pay her credit card," the administrative judge sustained all specifications and the charge. ID at 2.

---

[2] To the extent the appellant's assertion on review that she "never received a verbal counseling in October 2011" can be interpreted as a challenge to the administrative judge's determination that she failed to prove her claim of a due process violation, the appellant has failed to identify any error by the administrative judge regarding this claim. Petition for Review File, Tab 1 at 5. Moreover, the administrative judge thoroughly addressed this issue and found that the deciding official did not consider the 2011 verbal counseling and that no due process violation occurred because the appellant had access to the information at issue. ID at 11. On review, we find no basis upon which to disturb the administrative judge's well-reasoned finding.

¶7        On review, the appellant admits she did not fully pay her credit card balances, explains that she paid "as amounts were provided and receipts were resolved," and reasserts her claim that she would "pay what was needed to keep the account current." PFR File, Tab 1 at 3. However, under the terms of the Financial Management Manual, the appellant was required to pay her GTC statements in full within 25 days of the billing date, "even if reimbursement funds have not been disbursed in time." IAF, Tab 6 at 33. A GTC account "becomes past due when the GTC vendor bank does not receive payment in full by the statement due date." *Id.* at 34. Here, the record reflects that the appellant conceded during her hearing testimony that she was aware of the requirement to pay her GTC balance in full each month, and that the GTC statements support the agency's specifications. IAF, Tab 22, Hearing Compact Disc (HCD). As the administrative judge correctly found, an appellant's admission to a charge can suffice as proof of the charge without additional proof from the agency. *Cole v. Department of the Air Force*, 120 M.S.P.R. 640, ¶ 9 (2014). Further, during her closing argument, the appellant's counsel stated, "We admit that the appellant did not fully pay her credit card." HCD. Thus, even though the appellant argues that the administrative judge's finding on charge 1 is "wrong," we have found no basis upon which to disturb it.

Charge 2 - Misuse of a Government travel card.

¶8        The agency alleged that the appellant misused her GTC when she paid for the meals of family and friends during her temporary duty assignment to Longview, Texas, and Houston, Texas. IAF, Tab 5 at 94-95. On appeal, the appellant denied misusing her GTC and she asserted that she only used it for official purposes.

¶9        However, after a thorough *Hillen*[3] analysis in which administrative judge reviewed the record evidence and the hearing testimony, she determined that the

---

[3] To resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which

appellant's denial was not credible. ID at 3. The administrative judge based this on observing the appellant during the hearing, during which she found the appellant was "repeatedly evasive" and her responses were "meandering." *Id.* The administrative judge also found that the appellant was "inordinately agitated and defensive" and that she "offered many unpersuasive, nonsensical explanations for her misconduct." *Id.* The administrative judge further found that the appellant's denial was "wholly inconsistent with a previous statement she made." ID at 3-4. Accordingly, the administrative judge found that the appellant misused her GTC and she sustained the charge. ID at 4.

¶10    On review, the appellant argues that she believes the administrative judge's findings are a "matter of opinion" and she asserts that she offered more information during her hearing testimony because it was information the administrative judge did not know. She also contends that she was unaware that she had misused her GTC and she argues that charge 2 should be reversed. PFR File, Tab 1 at 3.

¶11    While the appellant disagrees with the administrative judge's credibility determinations, mere disagreement does not warrant our full review of the record. *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133-34 (1980). Moreover, the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002). Here, because the administrative

---

version she believes, and explain in detail why she found the chosen version more credible, considering such factors as: (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor. *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987).

judge's determinations were founded on implicit and explicit credibility determinations based on observing the demeanor of the appellant while testifying at the hearing, as well as the evidentiary record, we see no basis upon which to overturn the administrative judge's findings in this regard.

Charge 4 - Lack of candor.

¶12 Because the agency's charge 4 is related to the underlying conduct in charge 2, we have addressed it here. Charge 4 alleges that the appellant lacked candor when, during a September 2013 interview with an Integrity Assurance Investigator, she stated that she did not purchase meals for anyone other than herself using her GTC. IAF, Tab 5 at 97-98. The administrative judge sustained charge 4, based on her finding in charge 2 that the appellant did, in fact, use her GTC to purchase food for family and friends, and therefore she lacked candor when she initially denied doing so. ID at 4.

¶13 The appellant asserts on review that the administrative judge erred in sustaining the charge. The appellant contends that she was frustrated and upset during her interview because she was being questioned even though she had never been counseled or told there were concerns with her use of the GTC. PFR File, Tab 1 at 3. She claims that she answered the questions that were asked and that the administrative judge's finding regarding charge 4 "should be reviewed and corrected." *Id*.

¶14 As the administrative judge correctly found, when an underlying misconduct charge has been proven, a lack of candor charge also must be sustained based on the appellant's failure to respond truthfully or completely when questioned about matters relating to the proven misconduct. *Little v. Department of Transportation*, 112 M.S.P.R. 224, ¶ 20 (2009). However, in sustaining a lack of candor charge there also must be proof of two required elements: (1) that the employee gave incorrect or incomplete information; and (2) that she did so knowingly. *Fargnoli v. Department of Commerce*, 123 M.S.P.R. 330, ¶ 17 (2016).

¶15    Because our decision in *Fargnoli* had not been issued at the time of the initial decision, the administrative judge did not explicitly address these required elements for lack of candor when analyzing charge 4. Nevertheless, the question of whether the appellant knowingly gave incorrect or incomplete information during the September 2013 interview was directly at issue in charge 2, and it was fully addressed by the administrative judge. ID at 3-4. In her analysis of charge 2, the administrative judge made specific credibility determinations regarding the appellant's hearing testimony and her relevant statements from the December 2013 investigative interview, and she addressed the credibility issues necessary to resolve the lack of candor charge. ID at 3-4. Further, the administrative judge's conclusion in charge 4 was based implicitly on her analysis in charge 2. ID at 4.

¶16    For instance, in charge 2, the administrative judge found that during the appellant's December 2013 interview, she handwrote and signed a statement admitting that she purchased food with her GTC and brought it back to her hotel room to share. ID at 3-4; HCD (testimony of B.P.). The administrative judge also found credible, and consistent with the December 2013 interview notes and the appellant's written statement, the testimony of the investigator that the appellant admitted during the December 2013 interview that she "should have been more upfront" during the September 2013 interview. ID at 4. Accordingly, based on her determination that the appellant's denial of the underlying charged misconduct was not credible, the administrative judge properly concluded that the appellant lacked candor when she denied the misconduct during the agency's investigatory interview. Thus, because the administrative judge's ultimate finding that the agency proved charge 4 is correct, and because it is implicitly based on her specific credibility findings that the appellant provided incorrect or incomplete information regarding her food purchases with her GTC and that the appellant admitted that she did it, we find that it is not necessary to remand this

appeal for the administrative judge to reanalyze the lack of candor charge in light of *Fargnoli*.

Charge 3 - Submitting inaccurate personnel investigations processing systems time reports.

¶17     The agency's charge 3 includes four specifications alleging that the appellant submitted inaccurate time reports.  IAF, Tab 5 at 22-26.  The administrative judge sustained all four specifications, and thus, she sustained the charge.  ID at 4-6.  Regarding specifications 1-3, the administrative judge found that the appellant's testimony was not credible, and that, even if the appellant had asked another employee to correct her timesheet for her as she alleged in connection with one of the specifications, it was her responsibility to ensure that her time was accurately reported.  ID at 4-5.  As to specification 4, because the appellant admitted in her December 2013 statement and her hearing testimony that she worked on May 10, 2013, even though she claimed 8 hours of annual leave on that date, the administrative judge sustained the specification.  ID at 6.

¶18     The appellant argues on review that the administrative judge erred in sustaining the first three specifications of charge 3 because she actually worked the hours that she claimed.  PFR File, Tab 1 at 3.  The appellant asserts that she has attached her work investigation reports to support her claim.  *Id.*  Regarding specification 4, the appellant reasserts that she informed her supervisor that she was working on the day in question.

¶19     Regarding the documents submitted with the appellant's petition, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence.  *See* 5 C.F.R. § 1201.115; *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).  Here, the documents the appellant has attached are not new, as they from 2012 and 2013, and she has made no showing that these documents were unavailable prior to the close of the record below.  PFR File, Tab 1.  Thus, we have not considered them.

¶20     Moreover, we have considered the appellant's arguments on review concerning the administrative judge's weighing of the evidence for the charged misconduct; however, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same); *see Haebe*, 288 F.3d at 1302. Specifically, the administrative judge sustained the first three specifications based on the agency's detailed documentation and the appellant's lack of credibility. The administrative judge found the appellant not credible based on her earlier findings, as well as the appellant's inconsistent testimony with her prior statements and the impossibility in specification 3 of there even being enough hours in the day to support the appellant's claim. ID at 4-6. The administrative judge sustained specification 4 based on the appellant's admission during the hearing and in her prior statement that she worked on May 10, 2013, even though she claimed annual leave.[4] Thus, the administrative judge thoroughly set forth the evidence and her well-reasoned findings. While the appellant disagrees with those findings and determinations, she has provided no basis upon which to disturb them.

---

[4] We acknowledge that the appellant's incorrect reporting for this date did not benefit her in any way—and it in fact harmed her, given that she was, or could have been, charged annual leave for a day she actually worked. *See generally Atchley v. Department of the Army*, 46 M.S.P.R. 297, 303 (1990) (determining that generally, an employee cannot be charged as absent without leave for dates in which he received pay or the agency approved his leave request); *Mainor v. Department of the Navy*, 38 M.S.P.R. 528, 531 (1988). Nonetheless, we find that the agency proved the specification as it is labeled because the appellant did not accurately report her time for this date. In any event, even if we were to decide not to sustain this specification, it would not change our ultimate determination to sustain the charge. *See Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) (finding that, when more than one event or factual specification supports a single charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge).

Charge 5 - Willful misuse of a Government-owned vehicle.

¶21    The agency charged the appellant with willful misuse of a GOV for nonofficial purposes as proscribed by 31 U.S.C. § 1349(b).  For an action to constitute a "willful" use for a nonofficial purpose within the meaning of this provision, the officer or employee must have had actual knowledge that the use would be characterized as nonofficial or have acted in reckless disregard as to whether the use was for a nonofficial purpose.  *Kimm v. Department of the Treasury*, 61 F.3d 888, 891-92 (Fed. Cir. 1995); *Felton v. Equal Employment Opportunity Commission*, 820 F.2d 391, 393-94 (Fed. Cir. 1987).

¶22    Here, the agency alleged in six specifications that the appellant willfully misused her GOV by operating it when she was not performing official Government duties.  IAF, Tab 5 at 98-105.  The specifications range from filling up the GOV's gas tank on weekend days at gas stations that were not close to her domicile location, refueling the GOV on days while she was on sick leave, traveling great distances while on leave during which the GOV tags were recorded on toll roads in other cities, and traveling great distances (160 miles, and 370 miles) in the GOV without an official reason to do so.  *Id*.  The administrative judge sustained specifications 1, 3, 4, and 5, and thus she sustained charge 5.[5]  Specifically, she found that the appellant's denials were not credible, and that the agency proved the underlying specifications by preponderant evidence.  ID at 7-10.  The administrative judge fully explained her reasoning behind her findings and determinations and we find no basis upon which to disturb them.  *Id*.

¶23    While the appellant reasserts on review that she used her GOV to work on cases assigned to her, the agency presented her case manifest below and it does not support the number of miles driven by the appellant in her GOV.  IAF,

---

[5] The administrative judge did not sustain specifications 2 and 6, finding that the agency failed prove that the appellant's refueling her assigned GOV while on sick leave on January 16 and July 25, 2013, was a willful misuse of the GOV.  ID at 8.

Tab 6 at 165-77. Further, even though the appellant contends that she never willfully misused her GOV, the documentary evidence, including the tolls charged to the GOV toll tag, miles traveled in the GOV during the relevant period of time, and the calls made from her Government cell phone, supports the charged misconduct. *Id.* at 116-18. Accordingly, we find no basis upon which to disturb the administrative judge's findings.

Penalty of removal.

¶24    Finally, the appellant challenges the reasonableness of the penalty. Here, while all of the charges were sustained, two of the six specifications underlying charge 5 were not sustained. The Board has held that, when all of the agency's charges are sustained, but some of the underlying specifications are not, sustained, the agency's penalty determination is entitled to deference and should be reviewed only to determine whether it is within the parameters of reasonableness. *Payne v. U.S. Postal Service*, 72 M.S.P.R. 646, 650 (1996). In this case, in reviewing the penalty, the administrative judge found that the agency conscientiously considered all of the relevant factors set out in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981), and exercised discretion within tolerable limits of reasonableness. ID at 14.

¶25    For example, the administrative judge determined that the deciding official properly found the appellant's 3 years of fully successful service insufficient to mitigate the penalty in light of her position of trust as an Investigator, her prior notice that her actions were improper, that her misconduct had the potential to tarnish the agency's reputation, and her lack of remorse. ID at 14. While not all of the specifications of charge 5 are sustained, the deciding official testified that removal would have been warranted based solely on the appellant's repeated misuse of a GOV. IAF, Tab 5 at 37; IAF, Tab 22, HCD (testimony of the deciding official). Thus, we agree with the AJ that the penalty selected by the agency is within the range of reasonable penalties. Accordingly, we conclude that the appellant has shown no basis upon which to disturb the initial decision.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                _____
                                       Jennifer Everling
                                       Acting Clerk of the Board

Washington, D.C.